ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **AIREKO CONSTRUCTION MANAGEMENT SERVICES, LLC**<br><br>Apelante<br><br>v.<br><br>**JOSÉ NÚÑEZ CAMACHO y otros**<br><br>Apelado | KLAN202500221 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**CG2023CV01640**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece ante nos, Aireko Construction Management Services, LLC (Aireko o apelante) y solicita que revisemos la *Sentencia en Reconsideración* emitida el 24 de enero de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina. Mediante la decisión apelada, el foro *a quo*, reconsideró la *Resolución* dictada el 20 de septiembre de 2024 y declaró *Ha Lugar* la moción de desestimación instada por el señor José Núñez Camacho (señor Núñez Camacho o apelado). En consecuencia, desestimó con perjuicio la demanda de referencia.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

### I.

El caso de autos está relacionado a una demanda[2] presentada el 19 de octubre de 2022 por el señor Núñez Camacho contra la

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.
[2] Caso núm. CG2022CV03502. El 16 de noviembre de 2022, Aireko contestó la demanda.

compañía Aireko, lugar en el cual laboró desde septiembre de 2016. Según surge del expediente, el señor Núñez Camacho primero trabajó como "*Senior Carpenter*" y en el 2018 asumió la posición de "*Supervisor Civil*". En atención a las necesidades de Aireko, este trabajó de "*Foreman*" en el Proyecto de Construcción del Edificio de Oficinas Médicas y Estacionamiento Municipal en Carolina.

En la demanda instada por el señor Núñez Camacho, este adujo que fue obligado a renunciar a su empleo como "*Foreman*", como condición para ser contratado por la división de Aireko en St. Thomas. Sin embargo, al día siguiente de su renuncia, Aireko le retiró la oferta de empleo en St. Thomas y dio por sometida su dimisión. Ante tales circunstancias, el señor Núñez Camacho alegó que fue despedido sin justa causa.

El 15 de diciembre de 2022, el señor Núñez Camacho solicitó al TPI enmendar la demanda, lo cual fue concedido mediante *Resolución* notificada el 10 de enero de 2023. El 7 de marzo de 2023, el señor Núñez Camacho requirió enmendar la demanda por segunda ocasión, a los efectos de hacer unos ajustes a la teoría legal[3] y las causas de acción en el interés de la justicia, así como para clarificar algunos hechos para enmarcarlos dentro del contexto de una reclamación por incumplimiento de contrato, siguiendo lo resuelto por el TPI en la *Sentencia Parcial* dictada el 6 de febrero de 2023.[4]

---

[3] Mediante esta enmienda también se trajo como parte demandada a International Aireko Construction Management Services, LLC y a AT Construction Solutions, LLC.

[4] En la *Sentencia Parcial*, el TPI resolvió, entre otras cosas, lo siguiente:

> …[L]as alegaciones de hechos formuladas en la demanda no configuran una causa de acción de despido injustificado al amparo de las disposiciones de la Ley 80 de 30 de mayo de 1976, según enmendada, pues no establecen que Aireko despidió al co-demandante José Núñez Camacho, ni se configuró su despido constructivo, conforme a la definición que de dicho concepto contiene la Ley 80, *supra*. Según las alegaciones, el co-demandante renunció voluntariamente a su empleo, bajo la promesa que habría ser nuevamente contratado para trabajar en St. Thomas, promesa que los demandantes arguyen fue incumplida por Aireko.
> […]

Tras varios incidentes procesales, que incluyeron la intervención de este Foro revisor en el caso KLCE202300350, la *Segunda Demanda Enmendada* fue permitida.[5] En esta enmienda, el señor Núñez Camacho sostuvo que Aireko retiró una oferta de empleo en el último minuto, ofreciéndole un pretexto falso, lo cual constituyó un incumplimiento de contrato. Acentuó que ello le causó graves daños y perjuicios monetarios y emocionales, tanto a él, como a su esposa, por lo cual entendía tenían derecho a una compensación.

El 26 de febrero de 2024, Aireko contestó la *Segunda Demanda Enmendada*. Entre otras cosas, alegó que el señor Núñez Camacho renunció libre y voluntariamente a su trabajo y que, en la alternativa, su despido estuvo justificado. Lo anterior, porque **el empleado violentó de manera crasa y negligente las normas y procedimientos de la compañía y puso en peligro la integridad estructural de la obra en cuestión. Puntualizó que lo anterior fue producto de una investigación del incidente de las varillas de la obra conocida como "Estacionamiento y Oficinas Médicas Carolina". Añadió que ello le afectó el normal y buen funcionamiento de sus negocios y la expuso a potenciales reclamaciones legales**. (Énfasis nuestro).

De otro lado, en relación con el recurso que hoy atendemos, el 23 de mayo de 2023, Aireko incoó una *Demanda* sobre daños y perjuicios e incumplimiento de contrato en contra del señor Núñez Camacho, la señora Osorio González y la Sociedad Legal de Gananciales compuesta por ambos. En la demanda, alegó, en esencia, que, entre febrero y junio de 2022, **el empleado incumplió con las directrices del proyecto de construcción de estacionamientos y oficinas médicas en el Municipio de**

---

[5] Véase, además, el KLCE202300185.

**Carolina y le causó daños a la compañía.** Específicamente, que realizó trabajos contrarios a lo establecido en las notas del plano, realizó cambios al "*shop drawing*" sin autorización de los supervisores, y no notificó a la gerencia de Aireko tan pronto tuvo conocimiento de una **deficiencia en la fabricación de la varilla instalada en el tercer y cuarto piso del proyecto de construcción concernido.** Añadió que el señor Núñez Camacho mintió durante una entrevista cuando mencionó haber recibido instrucciones de hacer el cambio en **la fabricación de la varilla y que éste violó las normas de seguridad y calidad al no asegurarse que el proyecto se hiciera conforme a los planos estipulados**. Aireko precisó que dichas acciones pusieron en riesgo la vida de personas, causaron daños físicos, atrasaron las obras en el proyecto de construcción de estacionamientos y oficinas médicas en el Municipio de Carolina, afectaron la reputación e imagen de Aireko ante sus clientes y le provocaron pérdidas económicas. (Énfasis nuestro).

Debido a lo anterior, solicitó al TPI lo siguiente:

a. Determine que las omisiones del Sr. José Núñez constituyen actuaciones negligentes sujetas a la indemnización provista por el Artículo 1536 del Código Civil de 2020, supra, y declare que Aireko Construction Management, LLC tiene derecho al pago de no menos de $162,330.73 en concepto de los daños como consecuencia directa de sus actos y omisiones negligentes.

b. Determine que el Sr. José Núñez incumplió el contrato laboral, y lo encuentre responsable de indemnizar a Aireko Construction Management, LLC, $1,370,941.39 en concepto de los daños que resultaron de dicho incumplimiento conforme al Artículo 1158 del Código Civil de 2020, supra.

c. Que declare CON LUGAR la presente Demanda y dicte Sentencia condenando a la parte demandada a pagarle a Aireko las sumas antes expresadas, más intereses, costas, gastos y una cantidad adicional por concepto de honorarios de abogado.

d. Emita cualquier otro pronunciamiento que en Derecho proceda.

Luego de varios trámites, y en lo pertinente, el 13 de julio de 2023, el señor Núñez Camacho solicitó la desestimación de la

demanda de epígrafe porque: (1) era una reconvención presentada fuera de término disfrazada de un caso independiente y (2) contenía alegaciones insuficientes que eran conclusiones y a su entender no sobrevivían una moción de desestimación conforme a la Regla 10.2 de Procedimiento Civil. Particularizó que las alegadas responsabilidades de las cuales surgía el alegado incumplimiento con un contrato era una de las defensas de Aireko en el caso núm. CG2022CV03502, por lo que el nuevo pleito era realmente una reconvención compulsoria presentada como pleito independiente contrario a las Reglas de Procedimiento Civil. Ante tales circunstancias, solicitó la desestimación con perjuicio.

Aireko se opuso al petitorio de desestimación y sostuvo que la *Demanda* presentaba alegaciones suficientes que, al interpretarse liberalmente a su favor, establecían una reclamación que justificaba la concesión de un remedio. De otro lado, negó que la demanda fuera una reconvención compulsoria y arguyó que esta era un pleito independiente con sus propias causas de acción que surgía de actos, omisiones y un evento totalmente distinto e independiente del caso núm. CG2022CV03502. Acentuó que la adjudicación de hechos que en su día el juez asignado al mencionado caso pudiera realizar, en ninguna forma influiría sobre el presente pleito ni causaría inconsistencias sobre el mismo. Lo anterior, porque, aunque se encuentre a Aireko responsable de haber incumplido con una alegada promesa de empleo con el señor Núñez Camacho como la presentada en el caso núm. CG2022CV03502, no se cancelarían los daños causados por el exempleado como consecuencia de su desobediencia e inobservancia en el proyecto de construcción concernido.

El 23 de septiembre de 2024, el TPI notificó una *Resolución*, por medio de la cual declaró *No Ha Lugar* la desestimación solicitada por el señor Núñez Camacho. El foro de instancia estableció que las

alegaciones de la demanda cumplían con el estándar de plausibilidad y suficiencia correspondiente.

Inconforme, el 28 de septiembre de 2024, el señor Núñez Camacho presentó una *Moción de Reconsideración*, fundamentada en que la *Resolución* del TPI no atendió uno de los planteamientos principales de la moción de desestimación, entiéndase, que la causa de acción presentada como pleito independiente fue renunciada por Aireko, porque se trataba de una reconvención compulsoria en el caso núm. CG2022CV03502. Aireko se opuso a lo anterior oportunamente.

Llegado a este punto, el 24 de enero de 2025, el foro *a quo* dictó el pronunciamiento que hoy revisamos. Luego de analizar varias alegaciones presentadas en la demanda del caso núm. CG2022CV03502 junto a una alegación que incluyó Aireko en su contestación en el párrafo 38, el Tribunal de Primera Instancia concluyó que la demanda de epígrafe era verdaderamente una reconvención compulsoria que Aireko debió haber presentado en el caso instado en el 2022 por el señor Núñez Camacho. Precisó que la demanda surgía del mismo evento, a saber, el incidente de las varillas del edificio de estacionamientos multipisos en Carolina y el alegado incumplimiento de contrato por parte del señor Núñez Camacho. Además, dispuso que se cumplían con los cinco (5) requisitos establecidos por el Tribunal Supremo para que una reconvención sea compulsoria: existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; las cuestiones de hecho y de derecho entre ambas son las mismas; la doctrina de *res judicata* impediría una acción independiente y ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente.

Por último, el TPI expresó lo siguiente:

En virtud de todo lo anterior, este Tribunal concluye que la Demanda de epígrafe es verdaderamente una reconvención compulsoria del caso CG2022CV03502. Por tanto, al no haberla presentado a tiempo junto a la alegación responsiva del caso CG2022CV03502, Aireko renunció a la causa de acción que la motiva, y por ello quedan totalmente adjudicados los hechos y reclamaciones sin que Aireko pueda presentar una reclamación que haya surgido de los mismos eventos, lo cual incluye el presente caso. Eso es así porque, aún cuando se dan por ciertas y buenas todas las alegaciones fácticas incluidas en la Demanda, considerándolas de la forma más favorable a la parte demandante, éstos no tienen derecho a remedio alguno por haber renunciado a su causa de acción.

Finalmente, luego de evaluar que, en efecto, todo lo alegado en esta demanda constituye una defensa y una reconvención que se pudo instar en el pleito activo que el empleado instó contra su patrono, imponemos honorarios por temeridad a la parte demandante por la cantidad de $ 4,000.00 dólares.

En desacuerdo, Aireko solicitó reconsideración, pero la misma fue denegada mediante *Resolución* dictada el 13 de febrero de 2025, notificada al día siguiente.

Aun inconforme, Aireko acude ante nos. Alega que el TPI cometió los siguientes errores:

PRIMER ERROR: Erró el Tribunal de Primera Instancia al desestimar la demanda de Aireko contra el Sr. Núñez sobre incumplimiento de contrato por negligencia en su desempeño como su empleado bajo el fundamento de que dicha causa debió ser acumulada como reconvención compulsoria en una demanda de despido injustificado que este presentó anteriormente contra Aireko. Ello, debido a que el foro primario omitió en su análisis que la causa de acción de despido injustificado fue sustituida mediante enmienda a la demanda por una causa de acción distinta a la cual no es posible acumular el reclamo de Aireko como reconvención compulsoria porque se trata de dos reclamaciones independientes y no se cumplen los requisitos legales reiterados en *Consejo de Titulares v. Gómez Estremera*, 184 DPR 407 (2012) y otros.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia y abusó de su discreción al imponerle honorarios por temeridad a Aireko ascendentes a $4,000.00 toda vez que la demanda de Aireko contra el Sr. Núñez, como cuestión de derecho, no podía ser acumulada como reconvención compulsoria a la demanda del Sr. Núñez contra Aireko. Por ello, la determinación recurrida es contraria a derecho, excesiva y desproporcionada pues la demanda de Aireko

contra el Sr. Núñez fue incoada en un ejercicio legítimo de su derecho a acudir al foro judicial para vindicar su reclamo y no podía ser evitada mediante el mecanismo señalado por el foro primario.

El 17 de marzo de 2025, el señor Núñez Camacho presentó su alegato. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es uno de los vehículos procesales disponibles para que una parte solicite la desestimación de una demanda. Entre las defensas a formularse se encuentran la falta de jurisdicción sobre la materia y el dejar de exponer una reclamación que justifique la concesión de un remedio.

Así, al enfrentarse a una moción de desestimación de esta naturaleza, el juzgador debe dar por buenas y ciertas todas las alegaciones fácticas delineadas en la demanda y considerarlas del modo más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). No obstante, para que ello ocurra, los hechos deben ser aseverados de forma adecuada, así como también, expresados clara y concluyentemente y que de su faz no den margen a dudas. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

Ahora bien, el promovente de la solicitud de desestimación prevalecerá si le demuestra al TPI que -aun dando por ciertos los hechos correctamente alegados- la demanda instada no expone una reclamación que justifique la concesión de un remedio. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Se desprende de lo antepuesto que, el juez o la jueza, al evaluar una solicitud de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de

un remedio, está obligado/a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank,* supra; *Colón v. Lotería,* supra. Así, solo cuando el TPI efectúe dicho examen y esté convencido de que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar, es que procederá desestimar la demanda. *Colón Rivera et al. v. ELA,* supra, a la pág. 1049; *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013)*; Pressure Vessels P.R. v. Empire Gas P.R.,* supra.

La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* supra. Entonces, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*

**B.**

Como se sabe, la reconvención es una de las alegaciones permitidas en un pleito y por medio de ella una parte tiene la oportunidad de solicitar la concesión de un remedio contra la otra parte adversa. Regla 5.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1. En nuestro ordenamiento jurídico se reconocen dos (2) tipos de reconvención; a saber, las permisibles y las compulsorias.

Las permisibles son aquellas reclamaciones que no surgen del acto, omisión o evento que motivó la interpelación de la parte contendiente. Regla 11.2 de las de Procedimiento Civil, 32 LPRA Ap.

V, R. 11.2. Por el contrario, las reconvenciones compulsorias[6] son aquellas reclamaciones que la parte debe formular en su alegación responsiva siempre que esta surja del acto, omisión o evento que originó la reclamación de la parte adversa y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Regla 11.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 11.1.

En el caso de las reconvenciones compulsorias, como regla general, estas tienen que presentarse al momento en que la parte notifique su alegación responsiva. De lo contrario, la causa de acción se entenderá renunciada. En tal situación, los hechos y las reclamaciones quedarán totalmente adjudicados sin que el demandado pueda presentar posteriormente una interpelación que surja de los mismos eventos. Es decir, aplicará —por analogía— el principio de cosa juzgada y, por consiguiente, los asuntos que pudieron haber sido planteados y no lo fueron se entenderán concluyentes. *Consejo de Titulares v. Gómez Estremera et al.*, supra, a la pág. 425; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 333 (2010). Nuestra jurisprudencia ha indicado que [e]l propósito de esta regla es evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción. *Íd.*

### III.

En su primer señalamiento de error, Aireko aduce que el TPI incurrió en parcialidad al dictar la *Sentencia en Reconsideración*. Alega que dicho foro basó su análisis en las defensas afirmativas

---

[6] Una reclamación es compulsoria: (1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) cuando los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; (3) si las cuestiones de hecho y de derecho entre ambas son las mismas; (4) si la doctrina de *res judicata* impedirá una acción independiente, y (5) si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. (Cita omitida). *Consejo de Titulares v. Gómez Estremera et al.*, supra.

levantadas en la *Demanda* y *Contestación a la Demanda* del caso núm. CG2022CV03502, en lugar de comparar las reclamaciones o tan siquiera considerar que la referida *Demanda* fue enmendada. Sostiene que el caso de autos surge de actos, omisiones y un evento distinto e independiente del caso núm. CG2022CV03502. Añade que el análisis del TPI parte de dos (2) errores fundamentales: (1) se extralimita al establecer una correlación entre defensas afirmativas con la reclamación de Aireko en el presente caso, a pesar de que lo que debe compararse son las reclamaciones en ambos casos y (2) las reclamaciones comparadas no son las correctas, toda vez que la *Demanda* en el caso núm. CG2022CV03502 no constituye la reclamación del señor Núñez Camacho dado que la misma fue posteriormente enmendada, por lo que la *Segunda Demanda Enmendada* es su verdadera reclamación. Especifica que la referida demanda enmendada se fundamenta en una reclamación por daños y perjuicios por incumplimiento con una promesa de empleo. Pormenoriza que el pleito de referencia no guarda relación con el otro, porque versa sobre una acción por daños y perjuicios e incumplimiento de contrato atribuible al señor Núñez Camacho, derivada de sus acciones y omisiones.

Así, expone que: (1) no existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) los hechos esenciales de ambas reclamaciones no están tan vinculados como para que la economía judicial exige que se ventilen en conjunto; (3) las cuestiones de hecho y derecho entre ambas no son las mismas; (4) la doctrina de *res judicata* no impediría una acción independiente y (5) las reclamaciones no surgen de la misma prueba y no están vinculadas lógicamente. Por el contrario, el señor Núñez Camacho entiende que el TPI aplicó correctamente el derecho al concluir que la demanda instada por

Aireko constituye una reconvención compulsoria que no fue presentada oportunamente.

Por otra parte, Aireko argumenta que el foro de instancia abusó de su discreción al imponerle $4,000.00 por concepto de honorarios de abogado por temeridad. Cataloga dicha suma como excesiva y argumenta que, si el TPI concluyó que la demanda de autos se trataba de una reconvención que debió haberse instado en el otro pleito, ello no debía ser base suficiente para imponer la aludida cuantía por concepto de honorarios por temeridad. Aduce que su conducta durante los procesos no ha provocado dilaciones innecesarias que justificaran la sanción mencionada. El señor Núñez Camacho colige que la imposición de honorarios por temeridad está justificada ante la conducta procesal obstinada y contumaz de Aireko, quien, a su entender, ha prolongado innecesariamente los procesos judiciales sin fundamento alguno.

Tras un análisis sereno del expediente, los hechos particulares del caso, el derecho aplicable y las argumentaciones de las partes, determinamos que procedía la desestimación de la demanda instada por Aireko, por lo que el pronunciamiento apelado debe confirmarse.

Según expuesto, la juzgadora de los hechos basó su análisis en la comparación entre la *Demanda* original, la *Contestación a Demanda* y el pleito de epígrafe al momento de dictar la sentencia que hoy revisamos. Sin embargo, lo razonable es realizar dicho examen entre la *Segunda Demanda Enmendada* instada por el señor Núñez Camacho, la posterior *Contestación a Segunda Demanda Enmendada* de Aireko y la demanda de referencia. Ahora bien, la anterior modificación no varía en lo absoluto la correcta decisión efectuada por el foro primario. Contrario a lo alegado por Aireko, somos del parecer que las alegaciones incluidas tras las enmiendas

en el caso núm. CG2022CV03502 no cambian sustancialmente su naturaleza.

Al examinar la *Segunda Demanda Enmendada*, la *Contestación a Segunda Demanda Enmendada* y la demanda de referencia de Aireko, notamos que ésta última gira en torno a un incumplimiento de contrato por parte del señor Núñez Camacho con las directrices del proyecto de construcción concernido que alegadamente causó daños a la corporación. Así, resulta importante recalcar ciertas alegaciones incluidas por el señor Núñez Camacho en la *Segunda Demanda Enmendada:*

> [...]
>
> 40. El Ing. Loubriel le instruyó a la Sra. Gabriela Rodríguez, su Project Clerk, que preparara una carta de renuncia para la firma del Sr. Núñez y que al salir de la reunión se firmaría.
>
> 41. El Sr. José Núñez firmó la Carta preparada por la Sra. Gabriela Rodríguez.
>
> [...]
>
> 46. En dicha reunión con el Ing. Dieppa, Ing. Loubriel y el Sr. Luis Uzcategui, **se discutió "el problema de las vigas" del proyecto multipisos de Carolina**.
>
> 47. El Sr. Luis Uzcategui le manifestó al Ing. Loubriel que no debió ordenar al Sr. Núñez nada **en relación con las vigas, toda vez que esa responsabilidad correspondía al Arquitecto, y que cualquier falla estructural causada por ese problema ahora sería responsabilidad de Aireko**.
>
> 48. En dicha reunión, el Sr. Luis Uzcategui pidió al Sr. Núñez que marcara en un plano donde se encontraban las fallas, lo cual el Sr. Núñez hizo.
>
> 49. Las decisiones del proyecto del multipisos de Carolina las tomaba el Ing. Willie R. Loubriel Vélez y los demás ingenieros a cargo del proyecto, no el Sr. Núñez.
>
> 50. El Sr. José Núñez no era responsable de la toma de decisiones en el proyecto multipisos de Carolina.
>
> [...]
>
> 56. El 7 de julio de 2022, el Sr. Rodolfo Puig ("Sr. Puig") y la Sra. Julybeth Alicea, se reunieron con el Sr. Núñez, según acordado.
>
> 57. La Sra. Julybeth Alicea abrió la reunión indicando al Sr. Núñez que había surgido un problema en St. Thomas y que no estaban contratando a nadie ya.
>
> [...]

59. En respuesta a ello, el Sr. Rodolfo Puig le indicó al Sr. José Núñez que **había una "investigación por el problema de las vigas" en el proyecto del multipisos de Carolina.**

60. Aireko nunca ha citado al Sr. Núñez, ni lo ha entrevistado, **en relación a ninguna "investigación de vigas"**, teniendo el demandante conocimiento de ello, en proyecto multipisos en Carolina como parte de procedimiento disciplinario alguno.

61. El Sr. Núñez le indicó a la Sra. Julybeth Alicea que si no estaba disponible su trabajo en St. Thomas, pues entonces regresaría a su trabajo, como Superintendente de Proyectos, en el proyecto multipisos en Carolina, pues de lo contrario lo estarían despidiendo.

62. El Sr. Núñez le preguntó al Sr. Rodolfo Puig si lo estaban despidiendo.

63. La Sra. Julybeth Alicea contestó que no lo estaban despidiendo, que el Sr. Núñez renunció y Aireko se estaba acogiendo a su renuncia.

[...]

(Énfasis nuestro).

En respuesta, Aireko incluyó las siguientes alegaciones en la

*Contestación a Segunda Demanda Enmendada*:

46. El párrafo 46 de la Segunda Demanda Enmendada se niega por falta de información y/o creencia suficiente para formar una opinión en cuanto a la veracidad o mendacidad de lo allí alegado. **Se alega en la afirmativa que Aireko Construction realizó una investigación interna cuyos resultados evidenciaron que el señor Núñez violentó las normas y políticas de la compañía de manera crasa y negligente, poniendo en peligro la integridad estructural de la obra. Dicha investigación recomendó la terminación del señor Núñez y de otros dos (2) empleados involucrados en el incidente de las varillas de la obra conocida como "Estacionamiento y Oficinas Médicas Carolina". Aireko Construction se reserva el derecho de enmendar esta contestación de ser necesario, según avance el descubrimiento de prueba en este caso.**

47. El párrafo 47 de la Segunda Demanda Enmendada se niega por falta de información y/o creencia suficiente para formar una opinión en cuanto a la veracidad o mendacidad de lo allí alegado. **Se alega en la afirmativa que el señor Núñez incumplió crasamente con sus deberes, obligaciones y responsabilidades como *foreman* del proyecto, violó las normas de seguridad y calidad y las políticas de la Compañía y fue negligente, poniendo en peligro la integridad estructural de la obra.** Dicha investigación recomendó la terminación del señor Núñez y de otros dos (2)

empleados involucrados **en el incidente de las varillas de la obra conocida como "Estacionamiento y Oficinas Médicas Carolina".** Aireko Construction se reserva el derecho de enmendar esta contestación de ser necesario, según avance el descubrimiento de prueba en este caso.

[...]

59. El párrafo 59 de la Segunda Demanda Enmendada se niega según redactado. **Se alega en la afirmativa que el señor Núñez conocía que se había realizado una investigación** y en la reunión de 7 de julio se le informó el resultado de la misma. Aireko Construction se reserva el derecho de enmendar esta contestación de ser necesario, según avance el descubrimiento de prueba en este caso.

[...]

61. El párrafo 61 de la Segunda Demanda Enmendada se admite que el señor Núñez expresó lo que indica en dicho párrafo. Se alega afirmativamente que, durante su empleo, el señor Núñez incumplió crasamente con sus deberes, obligaciones y responsabilidades como *foreman*, violó las normas de seguridad y calidad y las políticas de Aireko Construction y fue negligente, poniendo en peligro la integridad estructural de la obra.

[...]

69. El párrafo 69 de la Segunda Demanda Enmendada se niega según redactado. **Se alega en la alternativa que la falta y violación cometida por el señor Núñez en el proyecto conocido como "Estacionamiento y Oficinas Médicas Carolina" era de tal naturaleza, seriedad y envergadura, que por dicho único hecho hubiese existido justa causa para el despido del Demandante. Los actos del Demandante pusieron en verdadero peligro las operaciones y buena marcha de los negocios de la Compañía, y la expusieron a potenciales reclamaciones judiciales.** ...

(Énfasis nuestro).

Tras un estudio comparativo de lo anterior con la demanda de referencia instada por Aireko, no cabe duda de que, tal cual mencionado, la misma constituye una reconvención compulsoria que debió presentarse junto al pleito incoado en el 2022 por el señor Núñez Camacho. Nótese que la demanda de autos surge del mismo evento del caso núm. CG2022CV03502, entiéndase, el problema de instalación de las vigas o varillas suscitado en el proyecto multipisos del Municipio de Carolina. Por ese evento es que Aireko aduce que el señor Núñez Camacho incurrió en incumplimiento de contrato y

le provocó daños y perjuicios. Por igual, la compañía levantó como una defensa afirmativa alterna en el caso del 2022 que ese problema con las varillas fue la razón justificada para el despido del empleado.

De hecho, en el caso núm. CG2022CV03502 se trajo a colación la reunión efectuada con el señor Núñez Camacho y la gerencia de Aireko en la cual se discutió la situación de la oferta de empleo en St. Thomas. Según surge de las alegaciones, allí se mencionó el problema o incidente con las varillas del proyecto de estacionamiento multipisos concernido, a lo cual Aireko refutó en su contestación que, a raíz de dicho suceso, concluyó que el señor Núñez Camacho quebrantó el contrato de empleo y las normas de la compañía. Más aun, arguyó que ese acontecimiento le provocó daños, puso en peligro la integridad estructural de la obra y la expuso a potenciales reclamaciones legales.

Así las cosas, al ser los hechos esenciales los mismos, al igual que las cuestiones de hecho y de derecho entre ambos pleitos, la economía judicial promueve que se ventilen conjuntamente. Al mismo tiempo, aplicaría la doctrina de *res judicata* si el señor Núñez Camacho prospera en el caso núm. CG2022CV03502; ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. Asimismo, tampoco aplica alguna excepción para que la reconvención compulsoria se presente luego de haber contestado la demanda.

Por último, el segundo señalamiento de error de Aireko se relaciona a los honorarios por temeridad impuestos por el TPI. Examinado con detenimiento el tracto procesal del caso y los argumentos de las partes, razonamos que estos se sostienen. Lo anterior es una decisión discrecional del foro primario. Nuestro derecho procesal civil le concede al TPI la facultad para imponer el pago de honorarios de abogado a la parte litigante que obró de forma temeraria o frívola. Regla 44.1(d) de Procedimiento Civil, 32 LPRA

Ap. V, R.44.1(d); *González Ramos v. Pacheco Romero*, 209 DPR 138, 145 (2022). Es decir, cuando existe temeridad, la imposición de honorarios a dicha parte es obligatoria. *Blás v. Hosp. Guadalupe,* 146 DPR 267, 334 (1998). La cuantía de honorarios de abogado concedida no varía en la apelación a menos que esta sea excesiva, exigua o haya constituido un abuso de la discreción del tribunal apelado. *Andamios de PR v. JPH Contractors, Corp.*, 179 DPR 503, 520 (2010); *Ramírez Anglada v. Club Cala de Palmas*, 123 DPR 339, 350 (1989). Al ser discrecional la facultad de imponer honorarios por temeridad, este tribunal reitera su posición de no intervenir con la apreciación que realizó el foro primario. En este caso, la conducta de Aireko movió al tribunal a tal determinación. Esta sanción es producto del examen de la prueba y del proceder de Aireko en la tramitación del caso, máxime cuando todo ello se hubiera evitado de este haber presentado la reconvención en el pleito activo que el señor Núñez Camacho mantiene contra su expatrono. Al no ser una determinación irrazonable y, toda vez que la cuantía de $4,000.00 impuesta no nos parece excesiva, no intervendremos con la decisión del TPI.

En resumen, toda vez que Aireko no presentó la reconvención compulsoria a tiempo junto a su contestación a la demanda en el caso núm. CG2022CV03502, renunció a la causa de acción que intentó iniciar en contra del señor Núñez Camacho a través de la demanda de epígrafe. Por ello, tal cual concluyó el TPI, quedaron totalmente adjudicados los hechos y reclamaciones sin que Aireko pueda presentar una reclamación que a todas luces surgió de los mismos eventos.

En virtud de lo anterior, resolvemos que no incidió el TPI al declarar con lugar la solicitud de desestimación presentada por el señor Núñez Camacho y, en consecuencia, desestimar con perjuicio la demanda presentada por Aireko.

En ausencia de pasión, prejuicio o parcialidad, coincidimos con lo pronunciado por el Tribunal de Primera Instancia en su determinación, procede confirmar la *Sentencia en Reconsideración* apelada.

**IV.**

Por las consideraciones que anteceden, confirmamos la sentencia aquí apelada.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones